1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7    MORGAN STANLEY & CO., INC., et al.,        )
                                                )        Case No. 2:09-cv-00398-JCM-PAL
8                          Plaintiffs,          )
                                                )        **ORDER**
9    vs.                                        )
                                                )        (Mtn to Compel - Dkt. #68)
10   SHRINERS HOSPITAL FOR CHILDREN, et al.,    )
                                                )
11                         Defendant.           )
12   _____)

13          The court held a hearing on Interpleader Defendant Joseph Surace's Motion to Compel

14   Discovery Against Plaintiff Morgan Stanley & Co., Inc. (Dkt. #68) on December 14, 2010.  Present at

15   the hearing were F. Christopher Austin, Nathan Sosa, John Wright, and William Stoddars.  The court

16   has considered the Motion to Compel, Interpleader Defendant The Estate of Maurits Jozef Van Praag's

17   Response (Dkt. #74),  Plaintiff Morgan Stanley's Response (Dkt. #78), and the arguments of counsel at

18   the hearing.

19          Defendant Surace seeks an order of the court compelling Plaintiff Morgan Stanley to fully

20   respond to written requests for discovery propounded February 8, 2010.  Defendant Surace asserts that

21   Morgan Stanley's responses are both evasive and incomplete because they state things like "Respondent

22   cannot confirm . . . Respondent cannot at this time confirm . . .  Respondent cannot at this time

23   independently confirm" and the like.  Counsel have been engaged in meet and confer efforts concerning

24   Morgan Stanley's responses since September 10, 2010.  On that date, counsel for Morgan Stanley

25   agreed to obtain more substantive supplemental responses from his client.  Defendant Surace has not

26   received any supplemental responses.

27          In response, Defendant Estate argues that the Motion to Compel was filed merely a delay tactic

28   rather than a sincere effort to obtain discovery. The Estate asserts that it has received over three hundred

pages of documents from Morgan Stanley, which were produced to all parties.  Although the Estate concedes that "arguably Morgan Stanley could have used more definitive language in its responses," it states that Morgan Stanley's answers are sufficient and provide the necessary information required.

Morgan Stanley asserts that its responses to Defendant Surace's written discovery requests are a truthful statement of the facts to the extent Morgan Stanley can ascertain them, and Morgan Stanley has produced all of the documents that Defendant Surace requested.  Morgan Stanley states that aside from records maintained by Mr. Omel, the former financial advisor for Mr. Van Praag, and Mr. Omel's deposition testimony, Morgan Stanley has been unable to locate or identify any written or electronic records indicating a Transfer on Death request was ever submitted by Mr. Van Praag.  The branch office that serviced Mr. Van Praag is closed, and Morgan Stanley no longer employs anyone who would have actual knowledge of any Transfer on Death request made by Mr. Van Praag.  Because Morgan Stanley cannot confirm the testimony of Mr. Omel, its responses that it "cannot confirm" certain facts are complete.

During oral argument the court inquired of counsel for Morgan Stanley what efforts had been made to meet his client's discovery obligations to determine whether it had any responsive documents.  Litigation counsel has been in contact with in house counsel who explained the difficulties in attempting to locate responsive documents or definitively determine they do not exist.

Having reviewed and considered the matter, the court finds Morgan Staley's responses to the disputed discovery requests evasive and will require Morgan Stanley to supplement its discovery responses to indicate that after diligent search has been conducted the responsive documents either do or do not exist.  If responsive documents are located they shall be produced.

Having reviewed and considered the matter, and good cause appearing,

**IT IS ORDERED**:

1.    Defendant Surace's Motion to Compel (Dkt. #68) is GRANTED.  Morgan Stanley shall supplement its responses to written discovery propounded by Defendant Surace on or before **December 29, 2010,** to confirm that a diligent search for responsive documents has been conducted and that the documents either do or do not exist.  If responsive documents are located they shall be produced.

2

2.      Morgan Stanley shall be precluded from supporting or opposing claims or defenses

based on documents not produced or introducing or relying on, at trial or in pretrial

motion practice, any document or information that it has not disclosed during discovery.

Dated this 14th day of December, 2010.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3