# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MORGAN STANLEY & CO., INC., et al.,

         Plaintiffs,

v.

SHRINERS HOSPITAL FOR CHILDREN, et al.,

         Defendants.

2:09-CV-398 JCM (PAL)

**ORDER**

Presently before the court is defendant interpleader the Estate of Maurits Jozef Van Praag's motion for reconsideration of the court's order (doc. #66) denying its motion for summary judgment. (Doc. #67). Interpleader defendant Joseph Surace filed an opposition to the motion to reconsider. (Doc. #71). Interpleader defendants Shriner Hospital for Children and Shriners Hospital for Children (Quebec), Inc. (hereinafter "Shriners Hospitals") filed a joinder to defendant interpleader Joseph Surace's opposition. (Doc. #75). The Estate of Maurits Jozef Van Praag filed a reply in support of its motion. (Doc. #77).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b). In addition, error, mistake, inadvertence, surprise, or excusable neglect on the part of the parties may warrant reconsideration.

**James C. Mahan**
**U.S. District Judge**

1  *see Associates Discount Corp. v. Goldman,* 524 F.2d 1051 (3rd Cir. 1975).

2  On September 10, 2010, the court held a hearing on the motion for summary judgment (doc. #56). At the hearing, defendants Shriners Hospitals and Joseph Surace argued that the responses to discovery were still incomplete, and that this precluded summary judgment. The Estate of Maurits Jozef Van Praag asserted that the deposition testimony supported a granting of the motion for summary judgment and that such relief was proper. However, since the deposition testimony submitted to the court had not been properly authenticated under *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002), the court denied the motion for summary judgment without prejudice. (Doc. #66). The court indicated that the defendant should resubmit the motion with properly authenticated evidence.

Subsequently, the Estate of Maurits Jozef Van Praag filed the present motion to reconsider (doc. #67), and provided the court with properly authenticated evidence to support its motion for summary judgment. (Doc. #67-1 thru #67-14 and doc. #76-1 thru #76-12). In addition, Shriners Hospitals and Joseph Surace filed a motion to compel (doc. #68).

In the opposition (doc. #71) and the joinder in opposition (doc. #75) to reconsideration, Joseph Surace and the Shriners Hospitals assert that summary judgment is not appropriate because genuine issues of material facts surrounding the October 1999 TOD exist. Further, they assert that issues relating to discovery responses raised in the motion to compel are legitimate and preclude summary judgment.

On December 14, 2010, Magistrate Judge Peggy A. Leen held a hearing on the motion to compel, and granted said motion (doc. #79). In light of the granting of the motion to compel, this court is not inclined to reconsider its denial of the motion for summary judgment (doc. #66) at this time. As the parties are engaged in discovery and "genuine issues of material fact" remain unresolved, summary judgment is not appropriate. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986).

Accordingly,

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant interpleader the Estate of Maurits Jozef Van Praag's motion for reconsideration of its motion for summary judgment (doc. #67) be, and the same hereby is DENIED without prejudice.

DATED January 24, 2011.

_____
**UNITED STATES DISTRICT JUDGE**