**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MORGAN STANLEY & CO., INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SHRINERS HOSPITAL FOR CHILDREN, et al.,<br><br>　　　　　Defendants. | 2:09-CV-398 JCM (PAL) |

**ORDER**

Presently before the court is interpleader defendant the Estate of Maurits Jozef Van Praag's ("the estate") renewed motion for reconsideration of the court's order (doc. #66) denying its motion for summary judgment. (Doc. #83). Interpleader defendant Joseph Surace ("Surace") filed an opposition. (Doc. #84). The estate filed a reply to this opposition. (Doc. #85). Interpleader defendants Shriners Hospitals for Children and Shriners Hospitals for Children ("Shriners Hospitals") filed a joinder to Surace's opposition. (Doc. #86). The estate then filed a reply to Shriners Hospitals' joinder. (Doc. #87).

The estate's motion for summary judgment (doc. #56) came before the court for oral argument on September 10, 2010 (doc. #64). The court denied the estate's motion for summary judgment without prejudice because it "relied upon and referred to exhibits not properly authenticated." (Doc. #66). On November 8, 2010, the estate filed its first motion for reconsideration. (Doc. #67).

**James C. Mahan**
**U.S. District Judge**

1	After the estate filed its first motion for reconsideration, Surace and Shriners Hospitals filed a motion to compel discovery against plaintiff Morgan Stanley & Co., Inc. (Doc. #68). United States Magistrate Judge Leen granted the motion to compel. (Doc. #79). This court then denied the estate's first motion to reconsider, finding that in light of the granting of the motion to compel, "the parties are engaged in discovery and . . . summary judgment is not appropriate." (Doc. #81). However, in the order denying the motion to reconsider, the court noted that now the estate had "provided the court with properly authenticated evidence to support its motion for summary judgment. (Doc. #81).

Now, the estate has filed a renewed motion for reconsideration of the court's order denying summary judgment. (Doc. #83). The estate argues that discovery is now finished, and "the evidence finally obtained demonstrates without any reasonable doubt that decedent's Morgan Stanley's (sic) investment account was never converted into a [transfer on death] account . . . . (Doc. #83). Accordingly, the court should grant both the motion to reconsider and the original motion for summary judgment "to allow the funds in decedent's Morgan Stanley account . . . to be distributed to the executor of decedent's Nevada probate estate for final distribution pursuant to decedent's last will and testament." (Doc. #83).

Surace's opposition, joined by Shriners Hospitals, makes several arguments against the motion to reconsider. (Docs. #84 and #86). First, Surace argues that this court lacks jurisdiction to rule on the estate's motion for summary judgment because the court does not have possession of the property which is the subject of the interpleader action. Thus, before the court can rule on the motion, the property must be deposited with the court. (Doc. #84). Second, genuine issues of material fact remain in this case. Therefore, the instant motion should be denied, and the case should be set for trial. (Doc. #84). After the court granted Surace's motion to compel, Surace and Shriners Hospitals did not present the court with any additional evidence establishing a genuine issue of material fact.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

**James C. Mahan**
**U.S. District Judge**

- 2 -

intervening change in controlling law." *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* FED. R. CIV. P. 59(e); *see also* FED. R. CIV. P. 60(b).  In addition, error, mistake, inadvertence, surprise, or excusable neglect on the part of the parties may warrant reconsideration. *See Associates Discount Corp. v. Goldman*, 524 F.2d 1051 (3rd Cir. 1975).

**I.   Jurisdiction**

Before addressing the merits of the motion, the court must first determine whether it has subject matter jurisdiction over the action.  "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002).

Surace and Shriners Hospitals argue that this court lacks jurisdiction because the disputed property has not been deposited with the court.  (Docs. #84 and #86).  These parties state that this is an interpleader action pursuant to 28 U.S.C. § 1335.  The interpleader statute includes a jurisdictional requirement that the disputed funds be deposited in the court's registry. *See* 28 U.S.C. § 1335(a)(2); *see also Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81-82 (9th Cir. 1982) (stating that "[d]eposit of the disputed funds in the court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335").

In reply, the estate argues that this is an interpleader action pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §§ 1332 and 1335.  (Doc. #85).  The estate further asserts that deposit of the disputed funds is not a jurisdictional requirement under Federal Rule of Civil Procedure 22, and an independent basis of jurisdiction – diversity jurisdiction – exists in this case.  (Doc. #85). Thus, this court has jurisdiction over the action.

Unlike 28 U.S.C. § 1335, "deposit is not a jurisdictional requirement to rule 22(1) interpleader." *Gelfgren*, 680 F.2d at 82.  Nevertheless, the Federal Rules of Civil Procedure do not grant subject matter jurisdiction, "and thus for the interpleader to be proper under rule 22(1) it must be within some statutory grant of jurisdiction." *Id.* at 81.  "For interpleader under rule 22(1) predicated on diversity jurisdiction, there must be diversity between the stakeholder on one hand and the claimants on the other." *Id.* at 81 n.1.

1    In this case, the complaint asserts subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332
2  and 1335 (doc. #1), which is an independent basis of jurisdiction. Accordingly, the court has
3  jurisdiction over the action.

**II.    Summary judgment**

5    Summary judgment is appropriate when, viewing the facts in the light most favorable to the
6  nonmoving party, there is no genuine issue of material fact which would preclude summary
7  judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV.
8  P. 56©; *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec.
9  Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of
10 summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is
11 a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v.
12 Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

13   The moving party bears the burden of informing the court of the basis for its motion, together
14 with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v.
15 Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002)
16 (expressing the standard for authentication of evidence on a motion for summary judgment). Once
17 the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party
18 fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific
19 facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV.
20 P. 56©.

21   The material issue impacting the outcome of this case is whether the decedent established
22 a transfer on death ("TOD") account with Morgan Stanley prior to his death. The estate has
23 presented the court with admissible evidence demonstrating: (1) Morgan Stanley has no record of
24 any TOD account being established; (2) a Morgan Stanley representative informed the decedent that
25 his TOD account had been denied and advised decedent to contact an attorney to make a will to
26 provide for the disposition of the funds in the Morgan Stanley account; (3) decedent's account at
27 Morgan Stanley was always in decedent's name and not as a TOD account; and (4) decedent made

**James C. Mahan
U.S. District Judge**

- 4 -

1   a will after he was informed that his TOD account application had been denied.

2         In the opposition and joinder briefs, Surace and Shriners Hospitals make several extraneous
3   arguments that do not address this material issue: (1) the testimony of Morgan Stanley's person most
4   knowledgeable regarding the operative events "is simply implausible;" (2) Surace was not advised
5   of any alleged rejection of the decedent's TOD applications by Morgan Stanley; (3) United States
6   citizenship is not a requirement to validate a TOD under Nevada law; and (4) there is no
7   documentary evidence that the TODs were ever rejected. (Doc. #84).

8         The court finds that the estate has met its burden as the movant in a motion for summary
9   judgment. Thus, Surace and Shriners Hospitals were required to present, by affidavits, depositions,
10  answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue
11  for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56©. Surace and Shriners Hospitals have
12  failed to make this showing.

13        Surace and Shriners Hospitals' legal arguments are unresponsive to the material issue and
14  their factual arguments are not supported by affidavits, depositions, answer to interrogatories, or
15  admissions on file. Instead, Surace and Shriners Hospitals speculate that "[a] more likely scenario
16  than the one being propounded by movant is that Morgan Stanley never rejected the TOD. Maybe
17  its files were simply never updated, or the TOD was lost internally." (Doc. #85). These allegations
18  are not sufficient to establish a genuine issue of material fact.

19        Accordingly,

20        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that interpleader defendant the
21  Estate of Maurits Jozef Van Praag's renewed motion for reconsideration (doc. #83) be, and the same
22  hereby is, GRANTED.

23        IT IS FURTHER ORDERED that the court's order denying interpleader defendant the Estate
24  of Maurits Jozef Van Praag's motion for summary judgment (doc. #66) be, and the same hereby is,
25  VACATED.

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that interpleader defendant the Estate of Maurits Jozef Van Praag's motion for summary judgment (doc. #56) be, and the same hereby is, GRANTED.

DATED February 28, 2012.

_____
UNITED STATES DISTRICT JUDGE